Vicente Montoya for petitioner and your honors I would defer to the court to ask me questions concerning this application of this petition for review and I will respond to those questions let me ask you this you agree that the asylum applicant must establish by clear and convincing evidence the application was filed within one year after her arrival in the United States yes I agree that that is the law of the land and that a petitioner respondent must substantiate that they entered the United States within one year of the application and the immigration judge determined that she had not carried that burden the immigration judge did determine that your honor all right the government had not challenged that until the day of the hearing as I understand excuse me not challenged her statement when she came in until the day of the hearing is that correct your honor the at the initial date of hearing the allegation the allegations that were charged against the respondent was that she entered on a specific date and that date was December in 2003 the respondent admitted the allegations and also conceded removability and the judge made a determination by clear and convincing evidence that she was in fact removable based on that charge so there was an initial finding in a hearing that was on November that was not on November 30th it was on May 7th 2004 there was a determination that my client had entered on a specific date which was December 16th 2003 subsequently on a look on January excuse me November 30th 2004 at the individual hearing the government counsel substituted the allegation and contended that my client came in at a date and time unknown and our contention is that the initial allegation was true and correct it was admitted and that the judge then found that my client was deportable was removable by clear and convincing evidence and that that admission should stand that finding should stand and with that basis there were clearly my client had applied for asylum within one year there was a government by amending is allowed to amend right the government's allowed to amend correct your honor the government is allowed to amend so by amending they challenged her claim that she had been here since December she had filed her application in December that is correct your honor he makes a factual finding then do we lack jurisdiction review that determination under 8 USC 1158 that no courts of jurisdiction review any determination of the Attorney General your honor I think that the question the further question should actually be whether or not there is any jurist there is if there is any authority of the immigration judge to set aside his finding there is no authority that I am able to find within the CFRs to allow the the judge to set aside the initial findings that there was a clear and convincing determination that my client was removable you speak of a finding I don't know what finding you're talking about the the DHS originally claimed that she entered the United States on December 16 2003 she admitted the allegation then later the DHS changed its position but what finding you're referring to your honor at the time of the that hearing where she admitted and conceded the there was a determination made by the immigration judge that she was removable by clear and convincing evidence and what what where do you find that in the record your honor I'm not familiar with anything like that in the record if there is something I'd like to see it but otherwise it's you as was previously mentioned that the DHS made an allegation your client admitted at the point and your client came forward with no contravening evidence to show an exact date of entry is that correct no your honor that is not correct okay at the initial hearing where one must plead to the allegations right the judge after making those pleadings a judge made a determination that the client was removable by clear and convincing evidence I don't have that citation in your honor the allegation for the initial allegation to putting my client into proceeding right was that she had entered in December and she admitted to that allegation at the initial hearing and when she admitted to that factual  conceded that she was removable for having entered and at that hearing the judge then found her removable by clear and convincing evidence at that hearing on May 7 2004 that was the initial hearing before before the court okay your argument is that the government put on the date of removal she agreed to it and you're you contend that's a judicial admission that should resolve the matter yes I believe that that admission should prevail and that that is evidence that my client did in fact come and apply within the year later at the individual hearing which was several months later and on the day of the actual hearing there is a substitution and there is within the CFRs the ability of the trial attorney to substitute however there is nothing in the CFRs that say that the judge can set aside a finding a previous finding that was made there anything that says he can't right is there anything so the judge can't change no there's nothing that says that judge cannot change in this particular case let's just for a moment let's let's assume that it's a neutral point but once the once the DHS changes position as I understand it from the record your client did not come forward and say no that's wrong here's evidence of when I am on the hearing on November 4th 2004 when the allegations were substituted in the charge was changed my client objected to the change substitution she only conceded to the charge of removability she did not she did not admit to the factual allegation okay well at the very least then taking your position but but setting aside for a moment your position without authority that the IJ in connection with the concession of removability is somehow bound throughout the proceeding regardless of the nature of what you're seeking in this case asylum under Ramadan versus Gonzalez if you've got a mixed question of fact and law and certainly it seems to be disputed facts here we don't have jurisdiction there either do we when you do have a question of mixed facts and law you don't have jurisdiction however I believe in this instance it's not a it's not a question of mixed facts and law if what you're looking at is whether or not the judge had authorization to understand I understand your point that you're saying without authority that the IJ is bound on a determination in connection with a concession of removability that he's bound throughout the proceeding I know of no authority for that position let's say for example that there is and then your client and the government changes its position on this your client contests that then we've got a disputed fact do we not correct your so we have a disputed fact under Ramadan aren't we on that basis you would be deprived of jurisdiction so if it is a it is disputing fact and so at least with respect to asylum it doesn't doesn't affect withholding a removal or a cat of course but with respect to asylum only does your client agree that we don't have any jurisdiction to hear the asylum claim either based upon the credibility or frankly more importantly under the Ramadan case you got a mixed question of law and fact your honor if we have a mixed question of fact and law then we would not have jurisdiction over the asylum claim that is correct how about the turning to the subtly to the withholding a removal on the cat claim about her how about her claim on the cat claim and removal withholding a removal and the credibility findings with respect to the credibility finding I think it's interesting that you have to look at both the BIA and the trial the immigration judge because within the within the BIA there is no specific finding of non-credibility in fact what the BIA has said they didn't make a specific finding regarding credibility it said no single concern would lead us to conclude that the respondents story is untrue so there is a conflict there and that there is no specific finding of non-credibility and I think that's one of the problems within this particular case is that you have the trial court saying one thing and they're not making specific findings of credibility but they are talking about different instances where they choose not to believe the respondent but they don't make a specific finding they look at different instances neither does the the BIA make a specific finding of credibility and are saying that there is nothing that concludes that the respondent story is untrue unless either of my colleagues has any other questions miss Montoya's time has expired so we thank you and we'll now hear from counsel further and that would be forgive me I have another question oral argument is a time that you can put forth your best argument rather than just saying we'll answer questions you've missed the opportunity to make your best argument so I would suggest that in the future you not use that technique thank you your honor okay we'll hear now from Ms. Murcia see I just for so we can use our time wisely here I I believe that the petitioner has conceded that we have no jurisdiction on the asylum claim so let's focus on the withholding of removal and the cat claim if we may yes your honor as the petitioner has conceded that the court lacks jurisdiction to review the one-year asylum bar the respond at the I'm sorry the government's position here is that substantial evidence in the record supports the immigration judge's finding that the petitioner failed to establish eligibility for withholding removal and protection of the convention against torture under INA 242 B4B administrative determination that an applicant has failed to carry his burden of establishing his asylum withholding or cat eligibility may judicially be judicially reversed only if his or her evidence was so compelling that no reasonable fact finder could fail to find that eligibility was established here the immigration judge found that the petitioner was not credible on four basic counsel in this case there the the IJ's determination has to be supported by substantial evidence yes as I read this record you have an IJ that basically substituted his personal opinion about a number of matters construing documents in a in a personal way that don't really say what he said they did for example with respect to the country report he characterized that the OLF was a an organization composed wholly of terrorists in effect that's not what the report says the report says that there is an element of that organization that is involved in that but everybody isn't that way now when you find that kind of thing repeatedly throughout here isn't that evidence that the IJ did not make findings that were supported by substantial evidence well first of all I would disagree with the with the courts characterization that the immigration judge was simply imposing his opinion the petitioner here specifically testified that in her view that there was no give me a second I can find the exact testimony but essentially that the that the OLF the main purpose of the OLF was to live in peace and they asked for their rights and the she testified the DHS counselor asked her I asked you is there a violent part the petitioner specifically said they don't fight our and then she stated our intention is to get peace through demonstration we never had any war or I'm sorry the government believes that that there's ample evidence in the in the in the record that essentially states the opposite even in evidence that the petitioner herself submitted if I could there any evidence in the record that suggests that the petitioner herself was aware of or involved in any way with an armed element of the OLF an expert in these things she's a student who gets involved in a in a in a democracy movement or whatever that has a radical wing to it it looks to me like what's happened here is that the IJ has fixed on what the country report refers to as an element that is armed that does these things and because she doesn't know a lot about that he's tagged her with inconsistency substantial evidence well as I was going to refer to this given that she was a member of the OLF and stated that she espoused the OLF beliefs and that was the reason that she was demonstrating I was going to point out on pages 356 to 57 of the policies and the major policy is not simply that they are advocating for the rates of the aroma minority it specifically states that they that their major policy is armed struggle the fact that she has only participated in demonstrations doesn't necessarily mean that she should when she's specifically testifying that she is espousing the the beliefs of the OLF and that she's supporting them that she would not know one of the major policies of the OLF and I what the government's doing here is basically like administering an examination to determine what she knows about this organization I mean it's like if you're a member of the Sierra Club but does that mean that you're a viral terrorist that believes in burning vehicles and burning houses that are that are in the woods I don't think so I mean there may be elements of the environmental community to think that's appropriate but just because you belong to Sierra Club doesn't mean you agree with that or even know about that does it in this particular case that finding was simply part of the immigration justice finding that she wasn't aware of certain OLF policies that are major policies did he make other findings that have substantial support in the record about her credibility he seemed to criticize her a lot for these documents referring to as these fanciful press releases evidence some strong bias against her position I would state first of all the the petitioner never alleged that there were any bias against the immigration judge and the government's position that I would state is both in State Department and the the country report as well as the petitioner's own evidence is that there is an element of armed struggle in the OLF policies but as your honor points out there's certainly as this court's case law says there's other credibility findings that certainly go to the heart of her claim I certainly state that her her testimony in regards to the June 13 2003 demonstration was inconsistent during her affidavit she essentially stated that she was she summed up the demonstration as if she was there she stated that she had been arrested with four other students and that one of her close friends had been had disappeared while she was arrested meanwhile in her testimony she simply stated that she had been dropping off some papers when she was accidentally arrested by the police I mean two extraordinarily different accounts of the same demonstration and this was went to the heart of a claim because this was essentially when she stated that she was arrested by the police by for supporting enrollment policies and the same date in which she stated that she was supposed to report to the police regarding the police summons which as your honor pointed out there's also the the corroboration that she is she submitted was enormously suspect what about these the the the the IJ made a big point about what he thought was a repeated misspelling of the word commission between the birth certificate and the summons was not misspelled I did drop a footnote in my in my brief which did note that the birth certificate was not misspelled and it was harmless error because he was essentially comparing the birth certificate with membership card on the basis that they had the same photograph and her testimony that's a separate issue and I did drop a footnote acknowledging that that that particular government agree this is pretty thin no your honor we would not I mean on the truth case on the heart I mean essentially the first of all as I stated earlier the the courts the the standard of review here is that it would be no reasonable fact line would be compelled to reverse here and essentially there but the IJ also has to provide substantial evidence right it's a two two-way test petitioner has a burden but the government also has a burden here that has to provide substantial evidence but at the same time the immigration judge does provide at least four bases here on which the court can find that there are inconsistencies or impossibilities that go to the heart of the petitioners claim so to sum up since I am right here as your honors acknowledged the court lacks jurisdiction to review the asylum one bar asylum one-year bar and the government believes that substantial evidence in the record supports the immigration judges finding that petitioner failed to establish eligibility for withholding from move on cat thank you
judges: Hogan, Hug, Smith M.